UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE COLEMAN,

    Plaintiff,

v.

SNYDER, et. al.,

    Defendants,

_____/

Case No. 2:17-cv-10789

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT
PREJUDICE PLAINTIFF'S PETITION FOR WRIT OF AUDITA QUERELA [1]**

    Plaintiff Deondre Coleman, confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a petition for writ of audita querela pursuant to 28 U.S.C. § 1651. Coleman claims that the Defendants are denying him a Halal diet, in violation of his Islamic religious beliefs. Coleman seeks equitable and monetary relief. For the reasons stated below, the Court will deny the petition and dismiss the case.

    Coleman claims that he is a Muslim who has been approved for Halal meals based on his religious beliefs. And Coleman alleges that the Defendants refuse to provide Halal or Kosher meals at the prison where he is incarcerated. Coleman seeks relief through a petition for writ of audita querela, claiming that his constitutional rights have been violated.

    A writ of audita querela is a "common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." *See Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007), *opinion amended on other grounds*, 530 F.3d 1183 (9th Cir. 2008). But

1

"Federal Rule of Civil Procedure 60(b) abolished the writ of Audita Querela in civil cases[.]" *Frost v. Snyder*, 13 F. App'x 243, 246 (6th Cir. 2001). Although Coleman claims that the writ is available to him to challenge the alleged religious discrimination, the main case upon which he relies, *Ejelonu v. Immigration and Naturalization Serv., Dep't of Homeland Sec.*, 355 F.3d 539 (6th Cir. 2004), was later vacated by the Sixth Circuit sitting en banc on July 28, 2004. In any event, the Sixth Circuit acknowledged in *Ejelonu* that the writ of audita querela had been abolished in civil proceedings by Rule 60(b). *Ejelonu*, 355 F.3d at 552.

Coleman's claim that prison officials have discriminated against his religious beliefs or refused to accommodate his dietary requirements involve a challenge to the conditions of his confinement that should be brought under 42 U.S.C. § 1983. *See Williams-Bey v. Buss,* 263 F. App'x 523, 524 (7th Cir. 2008). And the proper course for a district court—after it determines that the substance of a state prisoner's pro se petition is a subject more appropriately reached under § 1983—is to dismiss the petition without prejudice to allow the petitioner to raise his potential civil-rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, the Court will dismiss the Coleman's petition without prejudice.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Coleman's Petition for Writ of Audita Querela [1] is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated: March 21, 2017

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2017, by electronic and/or ordinary mail.

                                                s/David P. Parker
                                                Case Manager